IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BOBBY RAY HAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV642 |
| | ) | 1:05CR7-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner was convicted in this Court of one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1), and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He subsequently received concurrent sentences of 140 months of imprisonment for each count. He now brings a Motion (Docket Entry 67) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). That Motion is now before the court for initial screening and review.

> Rule 4(b), Rules Governing Section 2255 Proceedings, states:
>
> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Although the rule in Johnson applies in Petitioner's case, he still cannot receive relief for the reasons that follow.

Petitioner's only claim in his Motion is that his prior convictions in North Carolina for breaking and entering no longer qualify as predicate offenses supporting his sentence under the Armed Career Criminal Act, which provides for enhanced penalties if a defendant convicted for possessing a firearm as a felon has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." 18 U.S.C. § 924(e)(1). The Presentence Report (Docket Entry 66) in this case reflects that Petitioner had numerous breaking and entering convictions. A crime is a "serious drug offense" if it "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and carries "a maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A). Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as unconstitutionally vague the "residual clause" of the statute, which covered offenses that "otherwise involve[]

conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct at 2563.

Petitioner contends that Johnson invalidates his North Carolina breaking and entering predicates. However, such convictions qualify as predicate convictions under § 924(e)'s enumerated clause, not its invalidated residual clause, and are always violent felonies under § 924(e). United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) ("The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary'" and "N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary . . . . N.C. Gen. Stat. § 14–54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) ("[C]onvictions under North Carolina law for breaking or entering under N.C.G.S. § 14-54 qualify as generic burglaries under the *Taylor* case and justify an enhancement of punishment under § 924(e)(2)(B)(ii)."). Petitioner's Motion should be dismissed because his "argument is foreclosed by [the] decision in" Mungro. United States v. Jones, ___ F. App'x ___, ___, 2016 WL 5682559, at *1 (4th Cir. 2016). In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

3

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 67) to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 22nd day of November, 2016.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

4

Case 1:05-cr-00007-TDS   Document 70   Filed 11/22/16   Page 4 of 4